## Richard H. Lanahan v. The Philadelphia and West Chester Turnpike Road Company, Appellant.

*Turnpikes—Repair of roads—Piling material on side of road—Negligence.*
It is the duty of a turnpike company to keep its road in a good, safe condition; it has the right to deposit outside of the traveled track of the road materials used in making repairs providing the materials are so arranged that they are not, from their unusual appearance, likely to frighten an ordinarily trained horse.

*Question for jury—Negligence of turnpike company—Repairs of road.*
The evidence was uncontradicted that certain planks used in repair of a road had been neatly piled over night on the side of a turnpike. Plaintiff's horse took fright at them early next morning. Evidence that the planks had been disarranged somewhat but which did not connect such disarrangement with the defendant, is not sufficient to carry the case to the jury on the question of defendant's negligence.

Argued Nov. 17, 1896. Appeal, No. 44, Nov. T., 1896, by defendant, from judgment of C. P. Delaware Co., June T., 1895, No. 46, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Trespass for injuries to horse and wagon. Before CLAYTON, P. J.

The uncontradicted evidence showed that on the day before

Christmas a contractor of the defendant company repaired a culvert which crosses the road just west of the place where the accident occurred, by removing six planks, each sixteen feet long and one foot wide, constituting the flooring of the south end of the culvert, and putting in new ones. These six old planks were piled by a workman in two piles of three planks each, lengthwise of the road, on the south side and entirely outside of the tracks or traveled portion of the road. He piled them straight, as previously directed, after which he reported what he had done to a manager of the company, who said he would attend to having them removed. The plaintiff drove past the same place on Christmas without noticing the planks, and, according to one of his witnesses, they remained in the position in which they had been placed when he, the witness, drove past about noon the same day. Between that time and the time of the accident next morning the top planks had become disarranged so that at one end two or three of them rested in the gutter alongside of the pile with the other ends projecting upwards at different angles. It did not appear from the testimony who disarranged them or that it was known to the turnpike company.

On the day after Christmas the plaintiff was driving along the macadamized part of the road and upon approaching the locality he claims that his horse " kind of scared " at the ends of the planks sticking up and ran suddenly to the left, resulting in an upset in the ditch.

The court left the question of defendant's negligence to the jury.

Verdict and judgment for plaintiff for $272.46. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*A. Lewis Smith*, for appellant.—It is scarcely necessary to cite authorities to the principle that if facts have not been shown from which negligence reasonably may be inferred, the court may properly, and it is their duty to, direct a verdict for defendant. The burden of proving negligence is on the party alleging it, and a mere scintilla of evidence is not enough : Yingst

v. Railway Co., 167 Pa. 438; Hazel v. Pass. Ry. Co., 132 Pa. 96 ; City v. Fisher, 111 Pa. 9.

*V. Gilpin Robinson,* for appellee.—The court in submitting the case was guided by the law, as laid down by the Supreme Court in the case of Piollet v. Simmers, 106 Pa. 95, and Township v. Arnold, 119 Pa. 380.

It is a question of fact for the jury whether the planks had properly been piled or whether they had not: Mallory v. Griffey, 85 Pa. 275 ; Horstick v. Dunkle, 145 Pa. 220, 233.

OPINION BY REEDER, J., April 12, 1897 :

The facts in this case are practically undisputed. The only question is whether the testimony shows that the defendant might have been guilty of such negligence as to warrant the submission of that fact to the jury. The defendant's duty was to keep its road in a good safe condition. It had a right to deposit outside of the traveled track of the road material used in making repairs providing the materials were so arranged that they were not from their unusual appearance likely to frighten an ordinarily trained horse. It was the duty of the .company to repair this bridge. It had a right to pile the old plank taken from the bridge as they did at the side of the road. It had the right to leave it there on Christmas and until the morning after Christmas when this accident occurred. The only question for the jury, therefore, was whether the planks were so negligently piled or placed as to frighten a well trained road horse. This was the theory upon which the question was tried, and the view taken by the learned judge of the court below in submitting the case to the jury. Was there sufficient testimony to justify the submission of that question? The testimony of Kinsey, a witness called for the defendant and corroborated by Hall, a witness for the plaintiff was that the six planks taken from the old bridge were laid in two piles of three planks each alongside of the road and away from the traveled track. Hall, one of the plaintiff's witnesses, passed after the planks had been piled, and testifies that they were placed as testified to by Kinsey and adds, " that they would not have frightened an ordinarily quiet horse the way they were lying when he saw them." Lanahan, the plaintiff, testifies when he

passed about four o'clock in the morning his horse took fright at the place where the planks were placed and that "the planks were piled up against the fence, some standing straight and others kind of slanting." This was the only evidence of negligence. The testimony that when the timber was left at the roadside they were regularly and orderly placed was uncontradicted. There was no evidence of their subsequent displacement by any one with the knowledge or consent of the defendant. So far as the testimony discloses they may have been displaced by some trespasser or by the wind. Unless it was done by the defendant or some one authorized by it, it is not liable. The fourth point of the defendant should have been affirmed, and a verdict directed for the defendant.

Judgment reversed.